UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| JOHN SALVATI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | |
| v. ) | No. 3:08-CV- 494 |
| ) | (VARLAN/SHIRLEY) |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

This case is before the undersigned pursuant to 28 U.S.C. § 636(b), Rule 72(b) of the Federal Rules of Civil Procedure, and the Rules of this Court for a report and recommendation regarding disposition by the District Court of Plaintiff's Motion for Summary Judgment and Memorandum in Support [Docs. 14 and 15] and Defendant's Motion for Summary Judgment and Memorandum in Support [Docs. 18 and 19]. Plaintiff John Salvati ("Plaintiff") seeks judicial review of the decision of the Administrative Law Judge ("ALJ") denying him benefits, which is the final decision of the Defendant, Michael J. Astrue, Commissioner of Social Security ("the Commissioner").

On December 16, 2003, Plaintiff filed an application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"), claiming a period of disability which began December 14, 2003. [Tr. 16]. After his application was denied initially and also denied upon reconsideration, Plaintiff requested a hearing. On December 14, 2005, a hearing was held before an ALJ to review Plaintiff's claim. [Tr. 38-48, 385-424]. After the ALJ issued an unfavorable decision, Plaintiff requested review by the Appeals Council. [Tr. 37]. The Appeals Council

reviewed Plaintiff's claim and issued a remand order vacating the ALJ's unfavorable decision on September 20, 2006. [Tr. 31-34]. On December 12, 2006, a second hearing was held before another ALJ to review Plaintiff's claim. [Tr. 425-439]. On February 16, 2007, the ALJ found that Plaintiff was not disabled. [Tr. 16-23]. The Appeals Council denied Plaintiff's request for review; thus the decision of the ALJ became the final decision of the Commissioner. [Tr. 7-9]. Plaintiff now seeks judicial review of the Commissioner's decision.

## I. ALJ FINDINGS

The ALJ made the following findings of fact and conclusions of law:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2008.

2. The claimant has not engaged in substantial gainful activity since December 14, 2003, the alleged onset date (20 CFR 404.1520(b), 404.1571 *et seq.*, 416.920(b), and 416.971 *et seq.*).

3. The claimant has the following combination of impairments: asthma, chronic obstructive pulmonary disease, reflux disease, and hypertension (20 CFR 404.1520(c) and 416.920(c)). Therefore he has a "severe" impairment.

4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526).

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to lift and carry up to 20 pounds occasionally or 10 pounds frequently and sit, stand, or walk for about 6 hours each out of an 8 hour day. The claimant cannot be exposed to excessive dust, fumes, or gases and cannot be exposed to temperature extremes.

6. The claimant is capable of performing past relevant work as an airport security guard. This work does not require the

2

> performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565 and 416.965).
>
> 7. The claimant has not been under a disability as defined in the Social Security Act, from December 14, 2003 through the date of this decision (20 CFR 404.1520(f) and 416.920).

[Tr. 18-23].

## II. DISABILITY ELIGIBILITY

An individual is eligible for DIB payments if he is insured for DIB, has not attained retirement age, has filed an application for DIB, and is under a disability. 42 U.S.C. § 423(a)(1). An individual is eligible for SSI payments if he has financial need and he is aged, blind, or under a disability. See 42 U.S.C. § 1382(a). "Disability" is the inability "[t]o engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A); 1382c(a)(3)(A). An individual shall be determined to be under a disability only if his physical and/or mental impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work. 42 U.S.C. §§ 423(d)(2)(A); 1382c(a)(3)(B).

Whether a DIB or SSI claimant is under a disability is evaluated by the Commissioner pursuant to a five-step analysis summarized as follows:

> 1. If claimant is doing substantial gainful activity, he is not disabled.

2. If claimant is not doing substantial gainful activity, his impairment must be severe before he can be found to be disabled.

3. If claimant is not doing substantial gainful activity and is suffering from a severe impairment that has lasted or is expected to last for a continuous period of at least twelve months, and his impairment meets or equals a listed impairment, claimant is presumed disabled without further inquiry.

4. If claimant's impairment does not prevent him from doing his past relevant work, he is not disabled.

5. Even if claimant's impairment does prevent him from doing his past relevant work, if other work exists in the national economy that accommodates his residual functional capacity and vocational factors (age, education, skills, etc.), he is not disabled.

Walters v. Comm'r of Soc. Sec., 127 F.3d 525, 529 (6th Cir. 1997) (citing 20 C.F.R. § 404.1520). A claimant bears the burden of proof at the first four steps. Id. The burden of proof shifts to the Commissioner at step five. Id. At step five, the Commissioner must prove that there is work available in the national economy that the claimant could perform. Her v. Comm'r of Soc. Sec., 203 F.3d 388, 391 (6th Cir. 1999) (citing Bowen v. Yuckert, 482 U.S. 137, 146 (1987)).

## III. STANDARD OF REVIEW

In reviewing the Commissioner's determination of whether an individual is disabled, the Court is limited to determining whether the ALJ applied the correct legal standards and whether there is substantial evidence in the record to support the ALJ's findings. Longworth v. Comm'r of Soc. Sec., 402 F.3d 591, 595 (6th Cir. 2005). If the ALJ's findings are supported by substantial evidence based upon the record as a whole, they are conclusive and must be affirmed. Warner v. Comm'r of Soc. Sec., 375 F.3d 387 (6th Cir. 2004); 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Heston v. Comm'r of Soc. Sec., 245 F.3d 528, 534 (6th Cir. 2001) (quoting Richardson v. Perales,

4

402 U.S. 389, 401 (1971)). It is immaterial whether the record may also possess substantial evidence to support a different conclusion from that reached by the ALJ or whether the reviewing judge may have decided the case differently. Crisp v. Sec'y of Health & Human Servs., 790 F.2d 450, 453 n.4 (6th Cir. 1986). The substantial evidence standard is intended to create a "zone of choice within which the Commissioner can act, without the fear of court interference." Buxton v. Halter, 246 F.3d 762, 773 (6th Cir. 2001) (quoting Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986)). The Court will not "try the case de novo, nor resolve conflicts in the evidence, nor decide questions of credibility." Walters, 127 F.3d at 528. On review, Plaintiff bears the burden of proving his entitlement to benefits. Boyes v. Sec'y. of Health & Human Serv.,46 F.3d 510, 512 (6th Cir. 1994) (citing Halsey v. Richardson, 441 F.2d 1230 (6th Cir. 1971)).

**IV. ANALYSIS**

On appeal, Plaintiff argues that substantial evidence did not support the ALJ's decision that he was not under a disability. Plaintiff contends that the ALJ erred in reaching his decision by:

> (A) failing to follow the Appeals Council's specific order to evaluate Plaintiff's mental impairment in accordance with the special technique described in 20 C.F.R. §§ 404.1520a and 416.920a;
>
> (B) failing to give appropriate weight to the opinion of Dr. Richard Gaddis when determining Plaintiff's physical residual functional capacity ("RFC"); and
>
> (C) improperly finding that Plaintiff's spinal impairment did not qualify as a "severe impairment" under 20 C.F.R. § 404.1520(c).

Plaintiff argues that the ALJ's three errors caused him to make a determination of Plaintiff's RFC that was incorrect and unsupported by the record. Plaintiff further argues that the ALJ's incorrect determination of his RFC led to an improper finding that he was capable of performing his past relevant work. Plaintiff maintains that he is unable to perform basic job functions and is therefore

5

unable to obtain gainful employment. Accordingly, Plaintiff concludes that he is under a disability and is entitled to DIB and SSI payments.

The Commissioner, in response, contends that substantial evidence supported the ALJ's determination of Plaintiff's RFC. The Commissioner argues that the ALJ's failure to expressly articulate in his narrative decision every step of his analysis of Plaintiff's mental impairment pursuant to the special technique described in 20 C.F.R. §§ 404.1520a and 416.920a was a harmless procedural error. [Doc. 19 at 11]. The Commissioner also argues that the ALJ's assignment of "little weight" to Dr. Gaddis's opinion was proper because the opinion was inconsistent with Plaintiff's record as a whole. Finally, the Commissioner argues that the ALJ's finding that Plaintiff's spinal problems did not amount to a "severe impairment" was supported by substantial evidence.

**A. The ALJ's failure to follow a specific order from the Appeals Council was a clear procedural error that necessitates remand.**

On September 20, 2006, the Appeals Council remanded Plaintiff's claim to the ALJ with the specific instruction that he should:

> "Evaluate [Plaintiff]'s mental impairment in accordance with the special technique described in 20 CFR 404.1520a and 416.920a, **documenting** application of the technique in the decision by providing specific findings and appropriate rationale for **each** of the functional areas described in 20 CFR 404.1520a(c) and 416.920a(c)."
> [Tr. 33, emphasis added]

There are four broad "functional areas" listed in the regulations: (1) activities of daily living; (2) social functioning; (3) concentration, persistence, or pace; and (4) episodes of decompensation. 20

6

C.F.R. §§ 404.1520a(c)(3), 416.920a(c)(3).[1] When evaluating a claimant using the "special technique," an ALJ must rate the degree to which the claimant is functionally limited in each of the four areas. Id. The ALJ must rate the degree of the claimant's limitation in the first three areas (activities of daily living; social functioning; and concentration, persistence, or pace) on a five-point scale. 20 C.F.R. § 404.1520a(c)(4). The five points on the scale are listed as: "none, mild, moderate, marked, and extreme." Id. The ALJ must rate the degree of the claimant's limitation in the fourth area, episodes of decompensation, on a scale with four points: "none, one or two, three, four or more." Id. The last point on both the five-point scale and the four-point scale represents a degree of limitation that is incompatible with the ability to do any gainful activity. Id.

After the ALJ rates the degree of the claimant's functional limitations in each of the four areas, he must determine the severity of the claimant's mental impairments using the technique outlined in 20 C.F.R. § 404.1520a(d). The ALJ must determine whether the claimant's mental impairments are "severe" or "not severe." Id. If the ALJ determines that the claimant's impairments are severe, he must next determine whether the severe impairments meet or are equivalent to a listed mental disorder. 20 C.F.R. § 404.1520a(d)(2). If the ALJ determines that the claimant's severe impairments do not meet or equal a listed mental disorder, then he must assess the claimant's residual functional capacity. 20 C.F.R. § 404.1520a(d)(3).

The procedure detailed above is very clear. That the ALJ in this case did not follow it is also very clear. The ALJ did not even mention or cite to 20 C.F.R. §§ 404.1520a or 416.920a *anywhere*

---

[1] The regulations found in 20 C.F.R. §§ 404.1520a and 416.920a are parallel and substantively identical. For convenience, the Court will cite only to the former throughout the remainder of this Report and Recommendation.

7

in his eight page narrative decision.[2] [Tr. 16-23]. He certainly did not provide a specific rating for the degree to which Plaintiff was functionally limited in the four broad areas listed in 20 C.F.R. §§ 404.1520a(c)(3). There is no question that the ALJ's failure to document his application of the special technique "by providing specific findings and appropriate rationale for each of the functional areas" was a procedural error. It is not clear whether the error was one of negligence or willful disregard of the Appeals Council's remand order. Regardless, the Court finds that the ALJ's failure to follow the specific instructions in the remand order of September 20, 2006 justifies remanding this case back to the Commissioner.

When the Appeals Council remands a case to an ALJ, the ALJ "shall take any action that is ordered by the Appeals Council and may take any additional action that is not inconsistent with the Appeals Council's remand order." 20 C.F.R. § 404.977(b). An ALJ must comply with the dictates of an Appeals Council remand order, regardless of whether the case was originally remanded by a court or by the Council itself. Warren-Ward v. Comm'r of Soc. Sec., No. 1:07cv811-TFM, 2008 WL 2397390 at *3 (M.D. Ala. June 10, 2008) (citing 20 C.F.R. § 404.983). Compliance with remand orders is a *mandatory* procedural requirement. See id. When an ALJ does not comply with a remand order, his decision must be reversed and the case must be remanded to the Commissioner. See id.[3]

---

[2] To avoid any confusion, the Court is careful to note the difference between 20 C.F.R. §§ 404.1520a and 416.920a and 20 C.F.R. §§ 404.1520(a) and 416.920(a). At a quick glance, citations to these sections of the Code can appear identical. In this case, the ALJ did cite and discuss 20 C.F.R. §§ 404.1520(a) and 416.920(a). But 20 C.F.R. §§ 404.1520a and 416.920a are not referenced anywhere in the decision.

[3] In Warren-Ward, the court conducted a survey of cases from around the country addressing an ALJ's non-compliance with remand orders. The court stated that, when deciding whether non-compliance necessitates remand, "courts look to some specific command by the Appeals Council, and whether or not the designated task was accomplished." Warren-Ward,

In this case, the Commissioner does not appear to dispute that the ALJ failed to follow the instructions in the remand order. Instead, he argues that "Plaintiff is placing form over substance in this case." [Doc. 19 at 11]. The Commissioner states that the ALJ's total failure to follow the instructions in the remand order was "harmless" because "even if [the ALJ] had articulated [Plaintiff's limitations in the four areas], he would have found 'mild' and 'none.'" [Doc. 19 at 11]. Placing such a dismissive gloss on the ALJ's error is unpersuasive. The Commissioner cannot overcome an ALJ's blatant failure to follow the procedural dictates of a remand order simply by informing the Court of what the ALJ would have determined if he had actually complied with the order. If the Court were to allow the Commissioner to make arguments based on his speculation as to what additional findings an ALJ might have made but did not record, meaningful judicial scrutiny of ALJ decisionmaking would be impossible.

The Commissioner's reliance on Fisher v. Bowen, 869 F.2d 1055, 1057 (7th Cir. 1989), to support his argument that the ALJ's error was harmless is misplaced and unconvincing. [Doc. 19 at 11-12]. First, the passage from Fisher cited in the Commissioner's memorandum states that "no principle of administrative law or common sense requires [a reviewing court] to remand a case in quest of a perfect opinion unless there is reason to believe that the remand might lead to a different result." 869 F.2d at 1057. In this case, the Court's insistence that an ALJ must follow the specific procedural dictates of an Appeals Council remand order when rendering his decision can hardly be characterized as a quest for a perfect decision. The Appeals Council issued four specific instructions to the ALJ, and he completely failed to follow one of them. [Tr. 33].

Second, the issue on appeal in Fisher was whether substantial evidence supported the ALJ's

---

2008 WL 2397390 at *3. The survey in Warren-Ward leads this Court to its conclusion that a total violation of 20 C.F.R. § 404.977(b) necessitates remanding the case to the Commissioner.

9

determination that the opinion of a consultative psychiatrist retained by the Social Security Administration was entitled to more weight than the opinion of a consultative clinical psychologist retained by the claimant in connection with his application for disability benefits. 869 F.2d at 1056-57. Weighing the opinions of two consultative examiners, neither of whom actually treated the plaintiff, is a task that is well within an ALJ's discretion. By contrast, an ALJ has no discretion when it comes to following a procedural instruction in a remand order; he simply must engage in the inquiry that is ordered, in the manner specified, and document his findings as required. The Court of Appeals for the Seventh Circuit's resolution of the issue in Fisher is therefore inapposite to this Court's resolution of this case.

Finally, Fisher is outdated and not controlling authority. The Court of Appeals for the Sixth Circuit has recently reconfirmed that an ALJ's failure to follow certain procedural requirements governing his decisionmaking "denotes a lack of substantial evidence, even where [his] conclusion may be justified based upon the record." Blakley v. Comm'r of Soc. Sec., No. 08-6270, 2009 WL 3029653 at *7 (6th Cir. September 24, 2009) (quoting Rogers v. Comm'r of Soc. Sec., 486 F.3d 234, 243 (6th Cir. 2007)). In Blakley, the plaintiff's claim was remanded to the Commissioner because the ALJ failed to follow the procedural requirement of identifying reasons for discounting the opinions of treating physicians and explaining precisely how those reasons affected the weight accorded to the opinions. 2009 WL 3029653 at *7. The procedural requirement of "reason-giving" exists so that claimants can understand the disposition of their cases and so that a court can meaningfully review the ALJ's application of the general rule that the opinion of a treating source be given controlling weight. Id. (quoting Wilson v. Comm'r of Soc. Sec., 378 F.3d 541, 544 (6th Cir. 2004)); see also 20 C.F.R. §404.1527(d)(2). The fundamental purpose of the reason-giving

10

requirement is to "ensure that each denied claimant receives fair process." Id. In Blakley, the Court of Appeals held that the ALJ's failure to follow the reason-giving requirement amounted to a denial of fair process and warranted remand because it made meaningful judicial review of the ALJ's decision impossible. Id. at *7, 9-10.

The Court concludes that the reasoning in Blakley applies with equal force to the issue in this case. Like the reason-giving requirement of 20 C.F.R. §404.1527(d)(2), the procedural requirement that an ALJ must follow the specific instructions given to him in a remand order from the Appeals Council exists to ensure that each claimant receives fair process. Therefore, an ALJ's failure to follow the dictates of a remand order is an error that necessitates remand when it makes meaningful judicial review of the ALJ's decision is impossible. See id. Whether the Court agrees with the Commissioner that substantial evidence supported the ALJ's ultimate determination of Plaintiff's mental RFC is irrelevant. Substantial evidence alone does not excuse non-compliance with the Appeals Council's remand order. See Wilson, 378 F.3d at 546 ("To recognize substantial evidence as a defense to non-compliance...would afford the Commissioner the ability to violate the regulation with impunity and render the protections promised therein illusory. The general administrative law rule, after all, is for a reviewing court, in addition to whatever substantive factual or legal review is appropriate, to 'set aside agency action...found to be...without observance of procedure required by law.'" (quoting Administrative Procedure Act, 5 U.S.C. § 706(2)(D)(2001))).

It is not the Court's place to reweigh the evidence contained in the record to make a determination about Plaintiff's mental RFC. See Longworth, 402 F.3d at 595. Instead, the Court must only look to see whether substantial evidence existed for the determination that was made by the ALJ. Warner, 375 F.3d 387. The Court finds that the ALJ's failure to follow the Appeals

11

Council's order to "evaluate [Plaintiff]'s mental impairment in accordance with the special technique described in 20 CFR 404.1520a and 416.920a, documenting application of the technique in the decision by providing specific findings and appropriate rationale for each of the functional areas described in 20 CFR 404.1520a(c) and 416.920a(c)" denotes a lack of substantial evidence for his determination of Plaintiff's RFC. [Tr. 33]. The Court reiterates that the fact that the record may possess substantial evidence to support the ALJ's ultimate determination of Plaintiff's mental RFC is inapposite because the ALJ's procedural error denied Plaintiff fair process. See Blakley, 2009 WL 3029653 at *9-10. This case must be remanded because the ALJ's narrative decision does not provide the Court with any basis on which to engage in a meaningful review of his determination of Plaintiff's mental RFC. See id. The Court of Appeals published Blakley as a "modest reminder that the Commissioner must follow his own procedural regulations." 2009 WL 3029653 at *10. In the same spirit, this Court now reminds the Commissioner that an ALJ cannot disregard the express instructions contained in a remand order from the Appeals Council. 20 C.F.R. § 404.977(b).

For the foregoing reasons, the Court finds that this case should be remanded to the Commissioner for an evaluation of Plaintiff's mental impairment in accordance with the special technique described in 20 C.F.R. §§ 404.1520a and 416.920a as required by the Appeals Council's remand order of September 20, 2006 [Tr. 33].

**B.     The ALJ's procedural error when considering Dr. Gaddis's opinion was harmless and does not warrant remand.**

The ALJ found that Plaintiff "has the residual functional capacity to lift and carry up to 20 pounds occasionally or 10 pounds frequently and sit, stand, or walk for about 6 hours each out of an 8 hour day." [Tr. 20]. The ALJ also found that Plaintiff "is capable of performing past relevant work as an airport security guard." [Tr. 22]. Light work involves lifting no more than 20 pounds

12

at a time with frequent lifting or carrying of objects weighing up to 10 pounds. 20 C.F.R. § 404.1567(b). If a person can do light work, he is also determined to be capable of sedentary work. Id. The phrase "past relevant work" means work that was substantial gainful activity that lasted long enough for a claimant to learn to do it and was performed (either as the claimant actually performed it or as it is generally performed in the national economy ) within the last 15 years or within 15 years prior to the date on which disability must be established. 20 C.F.R. §§ 404.1560; 404.1565(a).

When determining a claimant's RFC, an ALJ is required to evaluate every medical opinion in the record, regardless of its source. 20 C.F.R. § 404.1527(d). The ALJ "must" give a treating source opinion controlling weight if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and is "not inconsistent with the other substantial evidence in the case record." Wilson, 378 F.3d at 544; see 20 C.F.R. § 404.1527(d)(2). If the ALJ decides not to give controlling weight to the opinion of a treating source, he is required to explain why in his narrative decision. 20 C.F.R. § 404.1527(d)(2); Shelman v. Heckler, 821 F.2d 316, 321 (6th Cir. 1987) (stating that while an ALJ is not bound by the opinions of a plaintiff's treating physicians, he is required to set forth some basis for rejecting these opinions). The ALJ is also required to provide in his narrative "good reasons" justifying the weight that he actually gave to the treating source's opinion. 20 C.F.R. § 404.1527(d)(2); Blakley, 2009 WL 3029653 at *1 (remanding a claim to the Commissioner "because the ALJ failed to give good reasons for discounting the opinions of [the claimant]'s treating physicians"). In order to determine the proper weight to give to a treating source's opinion, the ALJ must conduct a six-factor analysis. See 20 C.F.R. § 404.1527(d)(2). The ALJ must consider (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship; (3) the supportability of and evidentiary basis for

13

the opinion; (4) the consistency of the opinion with the record as a whole; (5) the specialization of the source; and (6) anything else that tends to support or contradict the opinion. 20 C.F.R. § 404.1527(d)(2)-(6).

In this case, Plaintiff argues that the ALJ failed to give proper weight to the opinion evidence provided by Dr. Richard Gaddis. [Tr. 288-290, 320]. The ALJ expressly indicated that he understood Dr. Gaddis's opinion as having been provided by a treating source. [Tr. 19]. A physician is a treating source if he has provided medical treatment or evaluation and has had an ongoing treatment relationship with the claimant "with a frequency consistent with accepted medical practice for the type of treatment and/or evaluation [that is] typical for the [treated condition(s)]." Blakley, 2009 WL 3029653 at *7 (quoting 20 C.F.R. § 404.1502). It is clear from the record, and the parties agree, that Dr. Gaddis met the criteria to be considered a treating source.

Dr. Gaddis's opinion of Plaintiff's medical condition is documented in two places in the record. First, Dr. Gaddis opined on March 18, 2004 that Plaintiff was capable of sitting 8 hours out of an 8 our day, 1 hour at a time; standing or walking 1 hour out of an 8 hour day, 5 minutes at a time; and lifting or carrying 1-5 pounds frequently, 1-10 pounds occasionally, and 11-25 pounds infrequently. [Tr. 288]. Dr. Gaddis also opined that Plaintiff had a reasonable medical need to be absent from a full-time work schedule four times per month. [Tr. 290]. Dr. Gaddis concluded that Plaintiff was "not able to work." [Tr. 290].

Second, Dr. Gaddis provided a letter dated July 13, 2005 in which he stated that Plaintiff's "medical problems remain significant and disabling." [Tr. 320]. Dr. Gaddis stated that Plaintiff's condition required use of a nebulizer machine at home four to six times daily and that this need "prohibit[ed] him from working." [Tr. 320]. Dr. Gaddis concluded that Plaintiff "will continue to

14

be totally and permanently disabled." [Tr. 320].

The ALJ addressed Dr. Gaddis's opinion as follows:

> "The undersigned assigns little weight to the severe functional restrictions and assessment of disability by Dr. Gaddis, the [Plaintiff]'s family physician. Said functional assessments are inconsistent with [Plaintiff]'s clinical exams, objective tests, and conservative treatment. They are also inconsistent with [Plaintiff]'s reported daily activities..." [Tr. 21].

It is clear to the Court that the ALJ expressly stated the weight he accorded to Dr. Gaddis's opinion ("little weight") and provided a reason justifying that weight. Plaintiff's argument is essentially that the ALJ's reason was not a "good reason" as required by 20 C.F.R. § 404.1527(d)(2).

The Court disagrees. The inconsistency of a treating source's opinion with the record as a whole is specifically enumerated in the regulations as a reason for determining that the opinion is entitled to reduced weight. 20 C.F.R. § 404.1527(d)(4). The ALJ stated that Dr. Gaddis's opinion was inconsistent with clinical exams, objective tests, conservative treatment, and reported daily activities in Plaintiff's record. [Tr. 21]. The ALJ found that the following evidence in the record was inconsistent with Dr. Gaddis's opinion:

> (1) pulmonary function studies conducted in March 2004 found that Plaintiff had only a moderate pulmonary restriction [Tr. 19];
>
> (2) clinical exams through 2006 revealed that Plaintiff had only diminished breath sounds without any significant wheezes, rales, or rhonchi [Tr. 19, 21];
>
> (3) Plaintiff admitted to Dr. Gaddis that he was still smoking through at least February 2005 [Tr. 19, 21];
>
> (4) Plaintiff required no in-patient care for any pulmonary problems [Tr. 19, 21];
>
> (5) Plaintiff's clinical exams revealed no significant cardiac or musculoskeletal abnormalities [Tr. 19];

15

(6) Plaintiff did not require spinal scans or x-rays [Tr. 21];

(7) Plaintiff's electrocardiograms were normal [Tr. 21];

(8) Plaintiff reported in March 2004 that he swept, mopped, vacuumed, and prepared simple meals [Tr. 22];

(9) Plaintiff reported in March 2004 that he drove, shopped, washed dishes, and mowed his yard with a riding mower [Tr. 22];

(10) Plaintiff told Dr. Gaddis in March 2005 that he had been "working hard" on his car [Tr. 22];

(11) Plaintiff testified at his first hearing before an ALJ in December 2005 that he used power tools to make wood crafts and that he changed the oil on his truck [Tr. 22];

(12) Plaintiff testified at the December 2005 hearing that he built decks for himself and for his son in 2005 [Tr. 22];

Significantly, Plaintiff does not argue that the above evidence is *not* inconsistent with Dr. Gaddis's opinion. Plaintiff also does not argue that the ALJ mis-characterized or misinterpreted any of the above evidence when he found it to be inconsistent with Dr. Gaddis's opinion. Instead, Plaintiff merely argues that some other evidence in the record *is* consistent with Dr. Gaddis's opinion.[4] The Court finds that the exams, tests, treatment records, and Plaintiff's self-reports, numbered (1)-(12) above, amount to "substantial evidence" that is inconsistent with Dr. Gaddis's opinion. See 20 C.F.R. § 404.1527(d)(2). Accordingly, the Court finds that the ALJ's decision to discredit Dr. Gaddis's opinion and accord it less than controlling weight was supported by substantial evidence.

---

[4] Plaintiff's memorandum offers only one example of evidence in the record that is consistent with Dr. Gaddis's opinion. [Doc. 15 at 8]. Plaintiff argues that the objective results of the pulmonary function test conducted by Dr. Gaddis on March 22, 2004 [Tr. 277] supported Dr. Gaddis's opinion [Tr. 320] that Plaintiff required home nebulizer treatments 4-6 times daily.

16

Although the ALJ properly made his determination that Dr. Gaddis's opinion should be discounted, he did commit a procedural error by failing to expressly analyze the opinion using *all* of the factors provided in 20 C.F.R. § 404.1527(d)(2)-(6) when justifying his conclusion that it was entitled to little weight. A finding by an ALJ that a treating source medical opinion is "inconsistent with the other substantial evidence in the case record means only that the opinion is not entitled to 'controlling weight,' not that the opinion should be rejected." Blakley, 2009 WL 3029653 at *8 (quoting Soc. Sec. Rul. 96-2p, 1996 WL 374188 at *4). Even inconsistent treating source opinions are "entitled to deference and must be weighed using *all* of the factors provided in 20 C.F.R. § 404.1527." Id. (emphasis added). Accordingly, the Court finds that the ALJ committed a procedural error by failing to expressly apply all six factors provided in 20 C.F.R. § 404.1527(d)(2)-(6) when determining that Dr. Gaddis's opinion was entitled to little weight.

If an ALJ's procedural error was a harmless *de minimis* procedural violation, then it does not warrant remand. See Blakley, 2009 WL 3029653 at *10 (citing Wilson, 378 F.3d at 547). A failure to properly justify the weight given to a treating source opinion by expressly discussing all six factors provided in 20 C.F.R. § 404.1527(d)(2)-(6) is a harmless error when the "treating source's opinion is so patently deficient that the Commissioner could not possibly credit it" or when the Commissioner has "met the goal of...the procedural safeguard of reasons." See id. A failure to expressly discuss all six factors is *not* harmless when a court cannot engage in meaningful review of the ALJ's determination of the weight to which the treating source's opinion was entitled. See id. (citing Wilson, 378 F.3d at 544).

In this case, there is nothing in the record that indicates that Dr. Gaddis's opinion is patently deficient. The Court is satisfied, however, that the ALJ met the goal of the procedural safeguard of

17

providing reasons. Although the ALJ failed to expressly analyze Dr. Gaddis's opinion using each factor provided in 20 C.F.R. § 404.1527(d)(2)-(6), he did focus heavily on one of the factors, consistency with the record as a whole, in order to decide that the opinion was not credible and therefore entitled to little weight. See 20 C.F.R. § 404.1527(d)(4). The ALJ provided sufficient discussion about why he discredited Dr. Gaddis's opinion to allow for meaningful judicial review of his decision. Accordingly, the Court finds that the ALJ's failure to expressly analyze *all* of the 20 C.F.R. § 404.1527(d)(2)-(6) factors in his narrative decision was a harmless *de minimis* procedural error that does not warrant remand. The Court also finds that there was substantial evidence in the record to support the ALJ's determination that Dr. Gaddis's opinion was entitled to little weight.

### C.　The ALJ's determination that Plaintiff's alleged back problems were not a severe impairment was supported by substantial evidence.

The ALJ found that Plaintiff did not have any back problems that amounted to a severe impairment because "[Plaintiff]'s allegations of back pain [were] unsupported by any evidence in the record" and because Plaintiff "required no spinal scans or x-rays." [Tr. 21]. An impairment or combination of impairments is severe if it "significantly limits [an individual's] physical or mental ability to do basic work activities." See 20 C.F.R. §§ 404.1520(c) and 404.1521(a). Plaintiff argues that the ALJ erred by concluding that his back problems were not severe. Plaintiff further argues that this error led the ALJ to prematurely terminate the five-step disability evaluation process required by 20 C.F.R. § 404.1520 at step two. See Walters, 127 F.3d at 529.

The Court finds that Plaintiff's argument is confused and misplaced. The ALJ did not terminate the five-step disability evaluation process at step two. Instead, the ALJ expressly found that Plaintiff had a combination of impairments ("asthma, obstructive pulmonary disease, reflux

18

disease, and hypertension") that amounted to a severe impairment under 20 C.F.R. §§ 404.1520(c). [Tr. 18]. The ALJ then expressly moved on to step three to consider whether Plaintiff's combination of impairments met or medically equaled a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1. [Tr. 20]; see Walters, 127 F.3d at 529; 20 C.F.R. § 404.1520. The Court therefore construes section III of Plaintiff's memorandum simply as an argument that the ALJ erred by failing to include a "spinal impairment" in his express statement of Plaintiff's combination of impairments.

The Court finds that the ALJ did not err when determining Plaintiff's combination of impairments or when determining that the combination was "severe." Plaintiff states in his memorandum that "the objective findings create reasonable doubt as to whether the Plaintiff suffer[ed] from a severe [spinal] impairment." [Doc. 15 at 11]. The Court certainly cannot find error in the ALJ's decisionmaking when Plaintiff himself admits that "reasonable doubt" existed about whether he had a spinal impairment. The Court reiterates that it cannot substitute its judgment for that of the ALJ and that it will not "try the case de novo, nor resolve conflicts in the evidence, nor decide questions of credibility." Walters, 127 F.3d at 528. There was substantial evidence in the record that supported the ALJ's decision not to include a spinal impairment when he enumerated Plaintiff's combination of impairments. It is immaterial whether the record also contained substantial evidence that would have supported a finding that Plaintiff had a spinal impairment. See Crisp, 790 F.2d at 453 n.4.

19

## V. CONCLUSION

For the foregoing reasons, it is hereby **RECOMMENDED**[5] that the Commissioner's Motion for Summary Judgment **[Doc. 18]** be **DENIED**, and that Plaintiff's Motion For Summary Judgment **[Doc. 14]** be **GRANTED** to the extent that it requests that this case be remanded to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) for a new hearing consistent with this report.

Respectfully submitted,

s/ C. Clifford Shirley, Jr.
United States Magistrate Judge

---

[5]Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).